Thomas R. Emnett, Esq. Informal Opinion County Attorney No. 95-41 County of Tioga County Office Building 55 Main Street Owego, N Y 13827
Dear Mr. Emnett:
You have indicated that you have been contacted by an individual expressing an interest in running for county legislator who currently serves the county in several other capacities. First, you have asked whether service as a legislator while also serving as a member of the Utilization Review and the Professional Advisory Committees, respectively, are incompatible.
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status readily identifiable. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that, although the common law rule of the Ryancase is limited to public offices, the principle equally covers an office and a position of employment or two positions of employment. The other is that, although the positions are compatible, a situation may arise where one has a conflict of interests created by the simultaneous holding of the two positions. In such a situation, the conflict is avoided by declining to participate in the disposition of the matter. You have stated that the Utilization Review Committee periodically reviews the staff of the county health department to ensure that the care being provided is appropriate. The Professional Advisory Committee sets standards, policies and procedures applicable to the professional staff of the county health department. The Committee makes recommendations as to the adequacy and appropriateness of services based on an assessment of community need.
In the case of both committees, revisions in the provision of health care are recommended to a committee of the county legislature which then reports to the legislature as a whole. It is then the county legislature's responsibility to evaluate the recommendations made and take necessary action. For example, the Utilization Review Committee might note deficiencies in the direct provision of health care, requiring basic policy determinations by the county legislature. The Professional Advisory Committee might make recommendations regarding the adequacy of staff, either proposing the addition or deletion of positions. Decisions in these areas can only be made by the leqislative body.
The composition of these committees, now with the same members serving both, is controlled by State regulations. 10 NYCRR § 763.11(13). These membership provisions call for the appointment of a group of professional personnel, including one or more physicians, registered professional nurses, and members of the professional therapeutic services provided by the agency. Id.
In our view, it is incompatible to serve as a county legislator while also serving as a member of either committee. We recognize that it is not uncommon for a legislative body, such as a county, to form committees fully or partially comprised of in order to evaluate programs and acquire information, followed by a report to the entire legislature. In this case, however, State regulations envision separate committees composed of professional personnel that would perform an evaluation and then report to the legislative body. In our view, the regulations contemplate two completely separate functions — one involving professional evaluation and the other a determination of policy by the legislature. Thus, a member of the county legislature, possessing the necessary qualifications, may not serve on either of the two committees.
You also have indicated that this individual serves as the Farm Bureau representative on the board of directors of the county soil and water conservation district. You ask whether membership on the county legislature would be incompatible with service on this board. In our view, there is statutory incompatibility between these two positions.
The board of directors of a county soil and water conservation district consists of five members appointed by the county legislature. Two members are county legislators while the remainder are "three persons not members of the county board of supervisors [or county legislature] two of whom shall be practical farmers". Soil and Water Conservation Districts Law § 6(1). One farmer is to be appointed from a list submitted by the county grange while the other is to be appointed from a list submitted by the county farm bureau. You have indicated that the individual in question represents the county farm bureau. The fifth member is to be appointed from the county at large, representing non-farm land ownership interests. It seems clear under this provision that once this individual becomes a member of the county legislature, he will be ineligible to serve as the representative of the county farm bureau. He could become a member of the board of the district only as a representative of the county legislature. We note that in the event the board of directors of the district is increased to seven members, the same result would be reached. 1986 Op Atty Gen 36.
We note that your first question was answered by the New York State Department of Audit and Control.
We conclude that membership on the county legislature is incompatible with simultaneous service on the Professional Committee or the Utilization Review Committee. Also, once elected to the legislature, this individual may not continue to serve as the farm bureau representative on the board of the soil and water conservation district.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
JAMES D. COLE
Assistant Attorney General in Charge of Opinions